# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**RODNEY L. ARNOLD**, )
)
        Plaintiff, )
)
  v. ) Case No. 12 C 6396
)
**KATHLEEN FLYNN**, in her official )
capacity, )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

Rodney Arnold ("Arnold") has used the form of 42 U.S.C. §1983 ("Section 1983") Complaint, supplied by the Clerk's Office for use by persons in custody, to sue his criminal appellate counsel Kathleen Flynn ("Flynn") for the asserted violation of his constitutional rights in handling his appeal.[1] Although this Court's initial analysis called for by 28 U.S.C. §1915A[2] calls for an immediate dismissal of the lawsuit, Section 1915 requires this Court to consider Arnold's Application To Sue or Defend as a Poor Person first.

On that score Arnold has provided the required printout of transactions in his trust fund account at Logan Correctional Center ("Logan," where he is serving time), and this Court has determined that the average monthly deposits to that account during the six-month period made

---

[1] Although Arnold does not say so specifically, this opinion will assume that Flynn is acting as a publicly appointed appellate defender rather than having been retained by Arnold. Indeed, if the latter had been the case there would have been no basis for federal subject matter jurisdiction in any event -- instead Arnold would be advancing a common law legal malpractice action, sueable only in the state court system.

[2] All further references to Title 28's provisions will simply take the form "Section --."

relevant by Section 1915(a)(2) amounted to $73.33, 20% of which (see Section 1915(b)(1)(A)) came to $14.67.

Accordingly, the application to proceed in forma pauperis is granted to the extent that Arnold need not pay the full $350 filing fee in advance, although he must pay the entire fee in current and future installments. Arnold is therefore assessed that initial partial payment of $14.67, and the Logan trust fund officer is ordered to collect that amount from Arnold's trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago, IL 60604
>
> Attention: Fiscal Department

Both that initial payment and all future payments called for in this memorandum opinion and order shall clearly identify Arnold's name and the 12 C 6396 case number assigned to this action. To implement those requirements, the Clerk shall send a copy of this memorandum opinion and order to the Logan trust fund officer.

After such initial payment, the trust fund office at Logan (or at any other correctional facility where Arnold may hereafter be confined) is authorized to collect monthly payments from Arnold's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

To turn to the substance of Arnold's claim, over 30 years ago the Supreme Court held expressly that a federal defender attorney was <u>not</u> a "state actor" subject to suit under Section

1983 -- see <u>Polk County v. Dotson</u>, 454 U.S. 312 (1981). And that being so, this Court lacks subject matter jurisdiction to entertain Arnold's lawsuit.

Accordingly this action is dismissed for lack of federal jurisdiction. Arnold will however remain liable for the full $350 filing fee in future installments.[3]

                                                     _____
                                                     Milton I. Shadur
                                                     Senior United States District Judge

Date: August 20, 2012

---

[3] This dismissal is a "strike" for purposes of Section 1915(g).